**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 02-4677**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL TYVON BRACEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
District Judge.  (CR-02-52)

———————

Submitted: May 13, 2004          Decided:  May 18, 2004

———————

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Robert J. Harris, Durham, North Carolina, for Appellant.  Lisa
Boggs, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Michael Tyvon Bracey pled guilty pursuant to a written plea agreement to one count of disqualified possession of ammunition, 18 U.S.C. § 922(g)(1) (2000). Bracey's counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue on appeal, but stating that, in his view, there are no meritorious issues for appeal. Bracey was informed of his right to file a pro se supplemental brief, but has failed to do so.

Bracey asserts his plea of guilty was involuntary because he was unaware that his failure to report to serve a sentence for a North Carolina probation violation would increase the criminal history points in the computation of his sentencing level. See U.S. Sentencing Guidelines Manual § 4A1.1 (2002). The imposition of a sentence exceeding Bracey's expectations does not render his plea involuntary. United States v. Lambey, 974 F.2d 1389, 1394-95 (4th Cir. 1992). Additionally, we find no error in the computation of Bracey's sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bracey's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED